IN THE UNITED STATEST DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 3:15-cv-350 |
| SEYMOUR MIDWEST LLC, ) ) | <u>C O M P L A I N T</u> |
| Defendant. ) ) | JURY TRIAL DEMANDED |

## Nature of the Action

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Steve Maril. As alleged with greater particularity in paragraphs 1 through 13 below, Seymour Midwest failed to hire Maril for an open position when it learned Maril was older than its ideal age range.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 626(b), which incorporates by references Section 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana.

## Parties

3. Plaintiff, the Equal Employment opportunity Commission, is the agency of the United States of America charge with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Seymour Midwest LLC, has continuously been a limited liability company doing business in the State of Indiana and City of Warsaw, and has continuously had at least 20 employees.

5. At all relevant times, Seymour Midwest has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## Investigation and Conciliation

6. Steve Maril filed charge number 473-2014-01161 with the Commission on August 12, 2014 alleging violation of the ADEA by Seymour Midwest.

7. The Commission conducted an investigation of Maril's charge and, on May 19, 2015, issued a Letter of Determination that

informed Seymour Midwest that the Commission had found reasonable cause to believe that Seymour Midwest violated the ADEA by discriminating against Maril because of his age by not hiring him.

8.   Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b). The Commission invited Seymour Midwest to join with the Commission in conciliation on May 19. On July 1, 2015, after additional communication between the Commission and Seymour Midwest, the Commission issued to Seymour Midwest a Notice of Failure of Conciliation advising Seymour Midwest that the Commission was unable to secure from Seymour Midwest a conciliation agreement acceptable to the Commission.

9.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## Statement of Claims

10.   On or about August 6, 2014, Seymour Midwest engaged in unlawful employment practices in violation of Section 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a)(1) and (d).

11.   Seymour Midwest failed to hire Maril because of his age.

    a. In July 2014, Steve Maril submitted an application in response to Seymour Midwest's advertisement that it was seeking to hire a Senior Vice President of Sales.

    b. On August 5, 2014, Seymour Midwest's Executive Vice President – Sales/Strategy, Charles V. Yeager, emailed a series of questions to Maril, including a request that Maril confirm that Maril "fit the window" of Yeager's "ideal age range" of 45 to 52.

    c. On August 6, 2014, Maril informed Yeager that Maril was 58 and asked whether Yeager wanted Maril to continue the process.

    d. Yeager responded, writing: "I was afraid of that. … I am looking of [sic] a younger candidate. … If my parameters change, I'll get back to you."

12. The effect of the practices complained of in paragraphs 10 and 11 has been to deprive Maril of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

13. The unlawful employment practices complained of in paragraphs 10 and 11 were willful within the meaning of Section 7(b) of the ADEA, 28 U.S.C. § 626(b).

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Seymour Midwest, its officers, agents, servants, employees, attorneys, and all persons in

active concert or participation with it, from discriminating against applicants because of their age;

      B.     Order Seymour Midwest to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

      C.     Grant a judgment requiring Seymour Midwest to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Steve Maril;

      D.     Order Seymour Midwest to make whole Maril by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring.

      E.     Grant such further relief as the Court deems necessary and proper in the public interest; and

      F.     Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    P. David Lopez
                    General Counsel

                    Gwendolyn Y. Reams
                    Associate General Counsel

                    /s/ Laurie A. Young
                    Laurie A. Young
                    Regional Attorney

                    /s/ Michelle Eisele
                    Michelle Eisele
                    Supervisory Trial Attorney

                    /s/ Jonathan Bryant
                    Jonathan Bryant
                    Trial Attorney
                    Equal Employment Opportunity Commission
                    Indianapolis District Office
                    101 West Ohio Street, Suite 1900
                    Indianapolis, Indiana 46204
                    Jonathan.bryant@eeoc.gov
                    (317) 226-5588
                    Fax: (317) 226-5571